# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>FREDY ANTONIO MARTIN-CHEL,<br><br>                Defendant. | Case No.: 18-mj-03572-KSC-BTM<br><br>**ORDER OF AFFIRMANCE** |

Before the Court is Defendant Fredy Antonio Martin-Chel's appeal from his misdemeanor conviction and the judgment imposed by the United States Magistrate Judge following his guilty plea to one count of improper entry by alien in violation of 8 U.S.C. § 1325(a)(2). The Court has jurisdiction to review the Judgment pursuant to 18 U.S.C. § 3402.[1] For the reasons discussed below, the Court affirms Defendant's conviction by the Magistrate Judge and the judgment

---

[1] The Magistrate Judge had jurisdiction over the underlying matter pursuant to 18 U.S.C. § 3401(a).

1

entered thereon.

**BACKGROUND**

On June 21, 2018, Defendant, who is a citizen of Mexico, was arrested by a U.S. Border Patrol agent one mile north of the United States/Mexico International Boundary and 23 miles east of the Tecate, California Port of Entry for suspicion of improper entry by alien on June 19, 2019. (*See* ECF No. 1, at 2; *see also* ECF No. 18, at 7-8.) On June 22, 2018, the Government filed a complaint charging Defendant with misdemeanor improper entry by an alien in violation of 8 U.S.C. § 1325(a)(2) and Defendant made his initial appearance before the Magistrate Judge the same day. (ECF Nos. 1, 3; *see also* ECF No. 17.) At his initial appearance, Defendant, through counsel and the assistance of an interpreter, asked to be released on his own recognizance due to his meager resources and lack of criminal or deportation history.[2] (ECF No. 17, at 7.) Nevertheless, the Magistrate Judge ordered that Defendant be released subject to a secured appearance bond in the amount of $1,000 cash or corporate surety bond. (*Id.*; ECF No. 6.) Defendant did not post bail.

On June 28, 2019, Defendant appeared before the Magistrate Judge for a change of plea hearing, at which he pled guilty to the charge of improper entry of an alien in violation of 8 U.S.C. § 1325(a)(2). (ECF No. 14; ECF No. 18, at 7-9.) Prior to Defendant's change of plea, the Magistrate Judge engaged Defendant in colloquy and advised Defendant of his constitutional rights and confirmed that he wished to waive those rights by pleading guilty. (ECF No. 18, at 2-3.) The Magistrate Judge also advised Defendant of the elements of the misdemeanor charge of improper entry by alien under 8 U.S.C. § 1325(a)(2) and the maximum

---

[2] The Government did not move for pretrial detention but requested that Defendant be released subject to a secured appearance bond in the amount of $2,500 cash or corporate surety bond. (*See* ECF No. 17, at 6.)

penalty thereunder. (*Id.* at 4-5.) Defendant testified that no one had threatened him or promised him anything in exchange for his guilty plea and that he was satisfied with the performance of his appointed counsel. (*Id.* at 5.) Defendant further testified as to the factual basis of his charge, namely that he was a citizen of Mexico and not the United States at the time of the offense, that he did not have any legal right to be in the United States, and that he crossed the United States/Mexico International Border outside of a Port of Entry. (*Id.* at 7-8.) After finding that Defendant's plea was made knowingly, voluntarily, and upon a sufficient factual basis, the Magistrate Judge accepted Defendant's guilty plea and sentenced him to time-served based upon the joint recommendation of the Government and Defendant. (*Id.* at 9-11.) That same day, the Magistrate Judge entered judgement (the "Judgment") against Defendant and ordered his release from custody. (ECF Nos. 8, 9.)

On July 2, 2019, Defendant timely filed his notice of appeal as to the Judgment. (ECF No. 10.)

## **DISCUSSION**

In the instant appeal, Defendant asserts violations of the Fifth and Sixth Amendments. First, Defendant argues that his right to due process under the Fifth Amendment was violated because his guilty plea was involuntarily coerced by the Magistrate Judge's imposition of unreasonable bail conditions when combined with the Government's plea offer of time-served. (ECF No. 19, at 5-8.) Second, Defendant argues that he was denied effective assistance of counsel under the Sixth Amendment because of time and physical constraints placed upon his consultations with counsel. While the voluntariness of Defendant's guilty plea is reviewed *de novo*, "we will uphold findings of historical or subsidiary facts underlying the [lower] court's conclusion of voluntariness unless clearly erroneous." *United States v. Signori*, 844 F.2d 635, 638 (9th Cir. 1988) (citations

omitted).³ "[T]he effectiveness of counsel is a mixed question of law and fact, reviewed *de novo*." *Id.* (internal quotations and citations omitted).

As to Defendant's first assertion of error, the Court concludes that Defendant has failed to demonstrate that his plea was not made voluntarily. "[A] plea must be voluntary to be constitutional." *United States v. Kaczynski*, 239 F.3d 1108, 1114 (9th Cir. 2001). "A plea is voluntary if it 'represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *Id.* (quoting *North Carolina v. Alford*, 400 U.S. 25, 31 (1970); and *Hill v. Lockhart*, 474 U.S. 52, 56 (1985)); *see also United States v. Hernandez*, 203 F.3d 614, 626 (9th Cir. 2000) ("A guilty plea is involuntary if it is the product of threats, improper promises, or other forms of wrongful coercion. Not all forms of coercion are wrongful, of course;

---

³ The Government asserts that "Defendant's claim of involuntariness [is] subject to plain error review, because he did not raise the issue of coercion during the Rule 11 colloquy." (ECF No. 25, at 8-9 (citing *United States v. Jiminez-Dominguez*, 296 F.3d 863, 866 (9th Cir. 2002).) *See also* FED. R. CRIM. P. 52(b) ("A plain error that affects substantial rights may be considered even though it was not brought to the court's attention."). Yet Defendant did at least raise the specter of such argument before the Magistrate Judge via an oral motion to dismiss. (ECF No. 18, at 6-7 ("First, I would like to just put on the record a motion to dismiss for a violation of due process and Sixth Amendment right to reasonable counsel. I would like to just register my objection to the system that's being implemented, which puts -- which puts me and I believe all defense attorneys in this system in an ethical vice between knowing that our clients have a time-served offer, which may very well be the best result for them; but, at the same time, realizing that in the limited time we have, our ability to challenge -- our ability to challenge the prosecution to investigate defenses and all of the mitigating aspects of the cases is diminished, if not nonexistence -- nonexistent. I object to a process and a system that makes it almost impossible to establish a trusting attorney-client relationship. And I object to the implementation of a policy that indiscriminately prosecutes people, human beings, who come here out of fear and desperation to perform jobs, to support their families, to feed their children, and to work for us. So that is my motion to dismiss, for the record.").) Because Defendant's assertions of error are meritless regardless of the standard of review, the Court has utilized the standard more favorable to Defendant.

after all, 'the State to some degree encourages pleas of guilty at every important step in the criminal process.'" (internal citation omitted) (quoting *Brady v. United States*, 397 U.S. 742, 750 (1970)), *overruled on other grounds by Indiana v. Edwards*, 554 U.S. 164 (2008). "To be voluntary, a plea must be one in which the defendant is permitted to choose between pleading guilty and undergoing a trial that comports with the fundamental principles the Constitution imposes." *Hernandez*, 203 F.3d at 626; *Kaczynski*, 239 F.3d at 1115–16 ("[B]eing forced to choose between unpleasant alternatives is not unconstitutional." (citing *Brady*, 397 U.S. at 750). Voluntariness is determined by the totality of the circumstances. *Kaczynski*, 239 F.3d at 1114 (citing *Iaea v. Sunn*, 800 F.2d 861, 866 (9th Cir. 1986)).

Here, Defendant asserts that the Magistrate Judge erred by requiring a cash or corporate security bond when it set bail, which in turn purportedly wrongfully coerced Defendant into his guilty plea. Yet, where a judicial officer determines that release of a person on personal recognizance or execution of an unsecured appearance bond "will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community", the judicial officer must order the pretrial release of the person "subject to the least restrictive further condition, or combination of conditions, that such judicial officer determines will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(c)(1)(B). "[I]n determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community," the judicial officer may consider, *inter alia*, "the nature and circumstances of the offense charged" as well as "the history and characteristics of the person, including— . . . family ties, employment, financial resources, length of residence in the community, community ties, [and] past conduct." 18 U.S.C. §§ 3142(g)(1) & (g)(3)(A). Given Defendant was accused of

unlawfully crossing the United States/Mexico International Border less than a week prior to his arraignment, was a citizen of Mexico, had little to no immediate family or community ties in the United States, and no lawful employment in the United States, the concern that Defendant would abscond and fail to appear for further proceedings in this matter was legitimate. This is particularly true given that he faced potential imprisonment for up to six months upon conviction. (*See* ECF No. 18, at 4.) Further, Defendant has put forth no evidence demonstrating that he was in fact incapable of posting bail. Similarly, while Defendant argues that his failure to post bail impaired his ability to assist counsel in the preparation of his defense and thus unreasonably constrained his decision to change his plea, he has presented no evidence in support thereof.

Defendant additionally argues that his guilty plea was coerced because the Government's plea offer of time-served – in combination with his failure to make bail – left him with the decision to remain in jail until trial or to plead guilty and immediately return home. But such an offer is not truly coercive because it does not eliminate the defendant's right to forgo the offer and proceed to a fair trial. *See Kaczynski*, 239 F.3d at 1115–16; *Hernandez*, 203 F.3d at 626. Accordingly, the cases cited by Defendant are inapposite. *See Hernandez*, 203 F.3d at 626 ("[T]he district court's refusal to allow Hernandez to exercise the right of self-representation forced him to choose between pleading guilty and submitting to a trial the very structure of which would be unconstitutional."); *United States v. Anderson*, 993 F.2d 1435, 1437-38 (9th Cir. 1993) (guilty plea rendered involuntary by judge's statement that he would not subsequently accept plea on fewer than all counts of indictment, instructions to government that it was not to make any further plea deals, and unwillingness to postpone trial date in the face of numerous and well-founded requests on part of defense counsel, as they "might well have been interpreted by [the defendant] as a sign that his interests would be jeopardized if he chose to go to trial."), *abrogated on other grounds by United States v. Davila*,

569 U.S. 597 (2013). As such, the Court finds no evidence demonstrating that the bail conditions imposed by the Magistrate Judge were unjustified or otherwise improper, that the plea offer made in combination therewith was wrongfully coercive, or that Defendant's guilty plea was otherwise involuntary.

As to Defendant's ineffective assistance of counsel claims, he must demonstrate both that his counsel's performance was objectively deficient and that such deficiency prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984) ("First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."); *see also Hill*, 474 U.S. at 58 ("[T]he two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel."). While Defendant asserts that he was constructively denied counsel due to "time constraints, the lack of reasonable bond, the need to obtain an interpreter, and the inability to form the kind of trusting relationship that is a predicate for any advise to be useful to [her] client" (ECF No. 19, at 22), he has failed to cite any evidence of record as to how those circumstances rendered his counsel's representation actually deficient. *See Strickland*, 466 U.S. at 687–88 ("When a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness."). Similarly, Defendant has failed to establish any foundation for demonstrating that any such error resulted in actual prejudice to him (*i.e.*, that he would not have pled guilty and instead insisted on proceeding to trial). *See Hill*, 474 U.S. at 57, 59 (1985) ("'[W]hen a convicted defendant complains of the ineffectiveness of counsel's assistance, . . . the defendant must show that there is

a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' . . . In other words, in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." (quoting *Strickland*, 466 U.S. at 694)). The Court finds no ineffective assistance of counsel on the present record.

## **CONCLUSION**

Based upon the foregoing, the Court **AFFIRMS** Defendant's conviction by the Magistrate Judge and the Judgment (ECF No. 8) entered thereon.

IT IS SO ORDERED.

Dated: July 16, 2019

_____
Honorable Barry Ted Moskowitz
United States District Judge

8
18-mj-03572-KSC-BTM